IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-29 |
| | ) |
| KIRK L. PRICE | ) |

**Opinion and Order on Pretrial Motions**

This matter is before the Court on Defendant Kirk Price's Motion to Preserve Law Enforcement's Rough Notes (ECF No. 333), Motion for Production of Exculpatory Evidence and Impeachment Evidence (ECF No. 334), Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 335), Discovery Motion (ECF No. 336). The Government has filed Responses to the Defendant's Motions (ECF Nos. 340-343), to which the Defendant has filed an Omnibus Reply (ECF No. 345).

I. **Motion to Preserve Law Enforcement's Rough Notes**

Mr. Price requests that the Court order all law enforcement officers who participated in this case to retain and preserve their rough notes.

The United States Court of Appeals for the Third Circuit requires the government to retain rough notes and writings. In *United States v. Vella*, 562 F.2d 275 (1977) the Court of Appeals held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or the Jencks Act." Id. at 276. In *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983), the Court of Appeals expanded the category of what must be retained to include rough reports; holding that "the government must retain and, upon motion, make available to the

district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." *Id.* at 259. In *Ammar*, the Court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. *Id.* Mr. Price's request for an Order directing the government to retain rough notes relating to law enforcement officer's investigation in this case will be granted.

Accordingly, Mr. Price's Motion to Preserve Law Enforcement's Rough Notes is GRANTED as to the preservation of rough notes. The government is ordered to preserve rough notes consistent with this Opinion and its obligations under Vella and Ammar. The Motion is DENIED as to the request for disclosure thirty days in advance of trial.

## II. Motion for Production of Exculpatory Evidence and Impeachment Evidence

Mr. Price seeks production of all exculpatory evidence, and all material and information that may be favorable to him, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Mr. Price also requests all potential impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150, 154 (1972), and any "information relating to the criminal background of any prosecution witness," *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991).

"In *Brady*, the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (quoting *United States v. Hill*, 976 F.2d 132, 134-35 (3d

Cir.1992)). Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if *Brady* material is disclosed to [defendants] in time for its effective use at trial").

The Supreme Court in *Giglio* extended its ruling in Brady to encompass impeachment evidence relating to the credibility of a government witness. *Giglio*, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under *Brady*. *See Higgs*, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

In its Response the government indicates that it has no information or materials that would be exculpatory as to Mr. Price. The government further states it will disclose witness impeachment materials in advance of trial so that Mr. Price can make effective use of the materials. The government also has a continuing obligation to provide Mr. Price with any additional *Brady*/*Giglio* material sufficiently in advance of trial for its effective use. In his Reply, Mr. Price states that the government has an affirmative duty to learn of exculpatory information in the possession of "some arm of the state." *Perdomo*, 929 F.2d at 971. There is no evidence to suggest that the government is not complying with its obligations, but the Court will Order the government to adhere to its obligations to provide exculpatory information.

With respect to disclosure of *Giglio* impeachment material, the government has previously indicated, in response to co-defendant Corey Pollard's pretrial motion, that it would disclose certain *Giglio* impeachment material ten days prior to trial.

Accordingly, the Motion for Production of *Giglio* Material is GRANTED insofar as the government is ORDERED to provide *Giglio* material in sufficient time for its effective use at trial, but no later than ten days prior to trial, so that it will not result in a delay of the trial or delay during the trial. Mr. Price's Motion for Production of Exculpatory Evidence is DENIED, without prejudice. It is further ORDERED that the government shall disclose exculpatory evidence that must be disclosed as the government learns of such material or as it becomes known to the government. The Motion is otherwise DENIED as to its request for disclosure of the materials, not required to be immediately disclosed, thirty days in advance of trial.

### III. Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609

Mr. Price requests that the Court Order the government to provide him with evidence of other crimes and prior bad acts the government intends to use at trial under Federal Rule of Evidence 404(b) and impeachment evidence the government intends to use at trial under Federal Rule of Evidence 609. Federal Rule of Evidence 404(b) is titled "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and the prosecution's obligations to notify the defense that it intends to introduce such evidence. Rule 609 concerns the impeachment of a witness by use of a prior criminal conviction. Fed. R. Evid. 609.

In Response to this Motion, the government states that it does not intend to offer any Rule 404(b) evidence against Mr. Price at trial. Similarly, the government states that it does not intend to cross-examine Mr. Price with Rule 609 impeachment evidence regarding any prior criminal convictions. Accordingly, the Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 is DENIED as moot.

### IV.        Discovery Motion

In Mr. Price's Discovery Motion, he seeks to compel the disclosure of a variety of Rule 16 material, as well as other discovery evidence that may be relevant to his case. The government responds to each requested discovery item, explaining that the requested materials were provided in Rule 16 disclosures or at a later time, that the requested material is not discoverable, that the government does not possess the requested material, or that the government does not intend to offer certain requested material. With respect to Mr. Price's request for Jencks material, the government states that it will provide such materials ten days in advance of trial.

There is no indication that the government is not complying with its discovery obligations and Mr. Price does not complain of any alleged government discovery deficiencies in its Reply. The Court does note that the government must supplement its Rule 16 disclosures as new information is learned. Fed. R. Crim. P. 16(a)(2). Additionally, if the government does not turn over certain requested material under Rule 16, Mr. Price can seek to compel the government to provide such material if one of Rule 16's bases for production of the material is established. Mr. Price also may, as he indicates in his Reply, move for the

exclusion of later-provided material. Deft. Reply 3. Presently, Mr. Price does not identify any request for specific material that the government has declined to produce under Rule 16. Accordingly, the Discovery Motion is DENIED, without prejudice.

## V. Conclusion

As explained above, Mr. Price's pretrial motions are resolved as follows:

1. The Motion to Preserve Law Enforcement's Rough Notes (ECF No. 333) is GRANTED as to the preservation of rough notes and DENIED as to the request for disclosure thirty days in advance of trial.

2. The Motion for Production of Exculpatory Evidence and Impeachment Evidence (ECF No. 334) is GRANTED in part and DENIED in part, as explained in the Opinion.

3. The Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 335) is DENIED as moot.

4. The Discovery Motion (ECF No. 336) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: July 13, 2023

Marilyn J. Horan
United States District Court Judge