IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 20-29 |
| | ) |
| KIRK L. PRICE | ) |

**Opinion and Order on Motion to Sever**

Presently before the Court is Kirk Price's Motion to Sever, in which he seeks to have his case severed from his co-defendants' cases, Corey Pollard and Dennis Hairston. ECF No. 338. The Government has filed a Response opposing severance, to which Mr. Price has filed a Reply. ECF Nos. 344 & 354. For the reasons explained below, the Motion will be denied.[1]

I.

A Grand Jury returned a two-count Superseding Indictment charging all three Defendants, and persons known and unknown to the Grand Jury, with Conspiracy to Commit Interstate Transportation of Stolen Motor Vehicles and other stolen property, in violation of 18 U.S.C. § 371 (Count One) and charging all three Defendants with Interstate Transportation of Stolen Motor Vehicles, in violation of 18 U.S.C. §§ 2 & 2312 (Count Two). ECF No. 123. Count One of the Superseding Indictment alleges that, between November 2019 and January 21, 2020, the conspirators, or a subset of the conspirators:

1. traveled to a vehicle dealership in Moon Township, Pennsylvania, on November 24, 2019, and stole four vehicles;

2. traveled to a Verizon cell phone store located in Suburban Plaza in or around Newark, Delaware, on December 15, 2019, smashed the door in with a sledgehammer and stole thirty-nine cell phones;

3. traveled to a vehicle dealership in Quarryville, Pennsylvania, on December 15, 2019, and stole two vehicles;

---

[1] The Court determines that there is no need for a hearing on the Motion to Sever.

    4. traveled to a vehicle dealership in or around Wayne Township, Pennsylvania, on or about December 21-23, 2019, and stole five vehicles;

    5. traveled to the same Verizon cell phone store in Suburban Plaza in Newark, Delaware (as alleged in number 2 above), on December 30, 2019, smashed the door in with a sledgehammer and stole $13,269 worth of cell phones and tablets; and

    6. traveled to a different Verizon cell phone store in Chestnut Hill Road in Newark, Delaware, on December 30, 2019, smashed the door in with a sledgehammer and entered the cell phone store.

ECF No. 123, at 2-4. Count Two alleges that on November 24, 2019 the three Defendants committed unlawful Interstate Transportation of Stolen Vehicles, which vehicles are the four vehicles identified as stolen from the Moon Township dealership and identified in OVERT ACT number 1, of the Superseding Indictment. *Id.* at 5.

According to defense counsel, the government's discovery materials indicate that Mr. Price is alleged to be involved only in the November 24, 2019 burglary of the car dealership in Moon Township, Pennsylvania. Mot. to Sever 2. The defense argues that the remaining evidence produced by the government does not implicate Mr. Price in any of the remaining five burglaries identified in the Superseding Indictment. *Id.* This is true, as the government confirms that it "intends to present evidence of defendant Price's involvement in the Moon Township incident, but *not* in any of the other incidents referenced in Count One." Govt. Resp. at 1 (emphasis added). In their Briefs, the defense and the government state that the expected evidence tending to show that Mr. Price was involved in the November 24, 2019 burglary is;

    i) evidence showing that Mr. Price's vehicle was used to transport the other conspirators;

    ii) video surveillance footage showing a vehicle registered to Mr. Price near the scene of the burglary;

    (iii) evidence that one of the stolen vehicles was found close to Mr. Price's residence; and

(iv) that Mr. Price and Mr. Pollard had a pre-existing relationship.

*See* Mot. to Sever 2 and Govt. Resp. 1-2.

Because Mr. Price is alleged to be a participant in only one of the stolen motor vehicle incidents on a single date, he argues that severance is warranted because he will be unfairly prejudiced by the introduction of an expected vast amount of evidence, spanning three months, concerning the other five burglaries, which evidence will be introduced only against his co-defendants. *Id.* at 4. The presentation of such evidence, the defense argues, will lead the jury to erroneously attribute evidence against his co-defendants, to Mr. Price. *Id.* Furthermore, he argues that the jury will be unable to compartmentalize the evidence against Pollard and Hairston and not erroneously attribute such evidence to Mr. Price also. *Id.* The defense also argues that a cautionary instruction will be ineffective because of the "heightened risk of a prejudicial 'spill over' effect – or taint – from the prolonged and cumulative evidence that is expected to be offered against Mr. Price's co-defendants." *Id.*

Mr. Price also argues that severance is warranted because both Mr. Pollard and Mr. Hairston are proceeding pro se in this case. The defense argues that the co-defendants' self-representation will "likely confuse the jury, obscure the ultimate issues of fact in this case, and will undermine Mr. Price's own defense." *Id.* at 5. Such "taint and confusion," the defense argues, will substantially prejudice Mr. Price. *Id.* In sum, the defense argues that the prejudice from the above allegations will "'prevent the jury from making a reliable judgment about [Mr. Price's] guilt or innocence.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539)).

II.

"Motions to sever are governed by Federal Rule of Criminal Procedure 14, which permits the trial court to grant a defendant's motion for severance if it appears that the defendant will be

prejudiced by a joint trial with other defendants." *United States v. Console*, 13 F.3d 641, 655 (3d Cir. 1993).  Federal Rule of Criminal Procedure 14(a) states:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The Rule places the burden of showing prejudice from the joinder on the defendant seeking severance." *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991). Defendants seeking severance must show that "the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (quotations and citation omitted).  Motions for severance are "in tension with 'the fundamental principle that the federal system prefers joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Lore*, 430 F.3d at 204–05 (quoting *Zafiro*, 506 U.S. at 537 (other citations and internal quotation marks omitted)).  A decision on a motion for severance "rest[s] in the sound discretion of the trial judge." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981).

### III.

The charges in this case, as well as the overt acts of the conspiracy alleged in the Superseding Indictment, present a relatively straightforward narrative of a short-term conspiracy (three months) where the actors engaged in consistent and straightforward methods of operation in carrying out the theft of vehicles from car dealerships and the theft of property from Verizon. Similarly, the government's evidence as to each of the overt acts should be relatively uncomplicated.  The fact that the events occurred on distinct dates, further removes the risk that the jury will be receiving complicated and mixed evidence.  Here, the presentation of the

4

evidence can be kept separate as there is no overlap between the burglaries, although there were two burglaries occurring on the same date, December 30, 2019, but at different times. Just as the government will introduce evidence for each separate overt act (such as the date, location, method of the burglary, etc.) the government will also introduce evidence of which of the codefendants were present for each overt act of each burglary. Therefore, the government will not mention Kirk Price as an active participant in the five burglaries he was not involved with. Furthermore, the overt act Mr. Price is alleged to have participated in on November 24, 2019, overlaps with the evidence of the alleged stolen vehicles set forth in Count Two.

Because the evidence presented as to each of the five overt acts is "relatively uncomplicated," such suggests that "the jury would have little trouble keeping it separate from the evidence against" Mr. Price. *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011). While the evidence against his codefendants may be significant in both the quantity of evidence (compared to evidence concerning only Mr. Price), the evidence introduced against the codefendants is likely to be specifically damaging only to the codefendants, but not Mr. Price. The risk that a jury would penalize Mr. Price because evidence was introduced showing that his codefendants have committed multiple unlawful acts is minimal, especially in light of the Court providing a curative instruction to the jury. In addition, a "defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than that against him." *United States v. Abrams*, 759 F.2d 1099, 1112 (3d Cir. 1985)) (citations and quotations omitted). "Here, the evidence as to each count [and each separate burglary] will be quite discreet, as the incident underlying" each separate burglary "occurred on a separate date, . . . and the jury explicitly will be instructed that they are to consider each [separate burglary] separately and return a separate verdict of guilty or not guilty" as to each codefendant. *United States v. Giles*,

2016 WL 47881, *5 (W.D. Pa. Jan. 4, 2016) (severance denied where defendant argued prejudice due to the cumulative impact of evidence as to unrelated incidents).

Mr. Price also argues that he will be substantially prejudiced because he must conduct his trial defense alongside two codefendants who are representing themselves. Mr. Price notes that pro se litigants are typically unknowledgeable about the law and that the legal matters that arise during trial may prove to difficult for the pro se codefendants. Thus, as stated, Mr. Price argues that such will confuse the jury about issues of fact and undermine Mr. Price's defense.

Mr. Price's concern about his pro se codefendants at trial is understandable, however, it does not establish clear and substantial prejudice in this case. The pro se defendants, Mr. Pollard and Mr. Hairston, will be apprised of the basics of courtroom behavior and jury trial protocol. Significantly, experienced criminal defense lawyers have been appointed as standby counsel for each codefendant. Standby counsel will be available throughout the trial to answer questions, explain legal terms, and to assist in daily preparation, if asked. The Court also will ensure that each codefendant understands unfamiliar events before they begin, such as jury selection or opening statements, so that trial may proceed smoothly. As to any possible unflattering or confusing conduct by a pro se defendant, such is unlikely to be attributed by the jury to Mr. Price. The Court will be prepared to provide a curative instruction in such a case, but only if necessary. As to a possible disruptive pro se defendant, it is almost a certainty that the jury would not mistake such behavior by a codefendant and attribute to Mr. Price. Although unlikely, if the disruption is to the extent that removal from the courtroom is considered necessary, the jury will be given an instruction to explain what has happened and that now standby counsel will take over the case for the removed pro se defendant. Again, such removals from the courtroom are rare and not expected in this case.

The Court concludes that the argument regarding the relative evidentiary differences between Mr. Price and his codefendants for severance does not meet the heavy burden to show that "denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *Lore*, 430 F.3d at 205.  Similarly, the fact that Mr. Price's codefendants have chosen to represent themselves does not, in this case, amount to clear and substantial prejudice. Consideration of the two arguments together also does not counsel for severance of Mr. Price. Additionally, the Court notes that preparing for and going to trial on the same indictment presenting the same two counts at two different times does not promote efficiency.  Two jury pools must be called, two juries must be selected, and there will be duplication of evidence and witnesses.  The Court is also mindful that the public has an interest in a speedy trial.  The Speedy Trial Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Bloate v. United States*, 559 U.S. 196, 211 (2010).   Severance would result in either Mr. Price or his codefendants going to trial relatively soon, while the other may have to unnecessarily wait their turn for trial.  Mr. Price has failed to meet his burden of identifying clear and substantial prejudice sufficient to outweigh the strong preference for joint trials of coconspirators and his Motion will be denied.

Accordingly, this 3rd day of August 2023, Kirk L. Price's Motion to Sever (ECF No. 338) is DENIED.

                                         s/*Marilyn J. Horan*
                                         Marilyn J. Horan
                                         United States District Court Judge